IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK VERNELL DAVIS EL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3-19-cv-00936 |
| | ) JUDGE RICHARDSON |
| ANDREW SAUL, *Commissioner of Social Security Administration*, and TIMOTHY COOK, *District Manager of Social Security Administration* | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 31, 2020, Magistrate Judge Frensley issued a Report and Recommendation (Doc. No. 32, "R & R"). Thereafter, Plaintiff Mark Vernell Davis El filed Objections to Court's Order and Report and Recommendation (Doc. No. 35, "Objections"). Defendants Andrew Saul and Timothy Cook then timely filed their "Response to Plaintiff's Objections to Report and Recommendations" (Doc. No. 37, "Response").

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that "[s]uch objections must be written, must state with particularity the specific portions

of the magistrate judge's report or proposed findings or recommendations to which an objection is made."[1] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## **BACKGROUND**

The facts are sufficiently recited in the R&R and need not be repeated here in full. This action arose from Plaintiff's attempt to terminate his payments of, and his future benefits from, Social Security taxes. Plaintiff filed Form 521 and "Form 522," a doctored version of Form 521, attempting to sever any relationship with the SSA.[2] The SSA denied the request and informed Plaintiff that the proper form for the desired result was Form 4029. After denial of this request, Plaintiff filed this *pro se* suit against Andrew Saul and Timothy Cook ("Defendants") in their official capacities as Commissioner of Social Security Administration and District Manager of

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections.

[2] Form 521 is a request to withdraw a previously submitted application for Social Security benefits before a decision is rendered on the prior submitted application and is for this situation irrelevant. Form 522 does not exist.

Social Security Administration, respectively.[3] Plaintiff argues that Defendants have not provided a way for him to terminate his payments to the Social Security Administration ("SSA").

Defendants filed a Motion to Dismiss based on a lack of subject matter jurisdiction under the Anti-Injunction Act (Doc. No. 15). The magistrate judge recommended that the motion be granted and Plaintiff's claims be dismissed due to lack of subject-matter jurisdiction. (Doc. No. 32).

Plaintiff then filed his Objections. (Doc. No. 35). Therein, Plaintiff made some general objections to the R&R while focusing heavily on restating his arguments. Though styled as objections, the content of his Objections is not necessarily cognizable as proper objections. "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious" *Id.* at 725 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). However, *pro se* filings "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams Packing*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Therefore, with a liberal construction of Plaintiff's objections, the Court will review (*de novo*, as discussed above) the objected-to portions of the R&R.[4]

---

[3] Plaintiff initially named Nancy A. Berryhill, then Acting Commissioner of the Social Security Administration, as a Defendant. She was replaced in her position by Andrew Saul, and the case caption has been changed accordingly.

[4] No individual numbering was given to any objection. The Court has done its best to construe specificity and order out of the objections.

# PLAINTIFF'S OBJECTIONS

### A. Objection 1

In Plaintiff's first objection, he contends that the Anti-Injunction Act does not apply to this case because "Plaintiff never attempted to restrain the assessment or collection of any tax." (Doc. No. 35 at 4). The Anti-Injunction Act dictates that, aside from some exceptions not relevant to the case at bar, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421.

This objection is based on Plaintiff's notion that the tax is not due at all because he does not want to receive any of the benefits that the SSA would provide. There is no legal authority to support this claim; Plaintiff has not shown that if he disavows any benefits from the SSA to which he might be entitled, then the employment taxes otherwise due from him are not due. Plaintiff cannot simply disavow the benefits from or taxes due to the SSA without going through the proper procedures (filling out Form 4029). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7, (1962). "The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Id.* at 5.

Here, the suit would restrain the collection of tax by the SSA. Plaintiff seeks relief which would "necessarily preclude the collection of" the SSA tax. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 (1974). "[A] suit seeking such relief falls squarely within the literal scope of the Act." *Id.* at 733.

Plaintiff's first Objection, that the magistrate judge erred in finding that the Anti-Injunction Act applies in this case, is overruled.

### B. Objection 2

Plaintiff's second objection concerns the R&R's finding that jurisdiction was precluded because Plaintiff was unable to satisfy either prong of the limited, judicially created exception to the Anti-Injunction Act.[5] The narrow, judicially created exception to the Anti-Injunction Act would preclude the Court from having jurisdiction over Plaintiff's claims unless he is able to demonstrate (1) irreparable injury if his case is not heard, and (2) certainty of success on the merits." *Bob Jones* 416 U.S. at 737.

However, even in the liberal construction of these objections, nowhere does Plaintiff specifically claim irreparable injury. Contrary to the irreparable injury standard, there are avenues of relief available to the Plaintiff. Defendants have apprised Plaintiff that he must fill out publicly available Form 4029 if he wants an Exemption from Social Security taxes and benefits (Doc. No. 16). Plaintiff had previously filled out not only an incorrect form, but a doctored version of that incorrect form (Doc. Nos. 16, 24). Additionally, there is not a certainty, of success on the merits. Plaintiff's second Objection is overruled.

### C. Other Statements in Plaintiff's Objections

Plaintiff states further claims of "erroneous" recommendations in the R&R report but provides no factual backing for these claims (*See* Doc. No. 35 ¶ 5) ("Defendants desire to redirect

---

[5] In full the Objection reads, "The Court's statement, 'Plaintiff cannot satisfy either prong of the limited exception to the Anti-Injunction Act's jurisdictional bar,' is erroneous. Plaintiff has set before the Court the condition in which a preclusion of an assessment or collection of tax is lawful. This suit is outside the realm of the Anti-Injunction Act, therefore it's [sic] corresponding jurisdictional bar is impertinent and irrelevant and not a standard that can be utilized." (Doc. No. 35 at 4) (citations omitted).

the Court's focus onto legislation that facilitates the deliverance of SSI, so they could erroneously alter the proper jurisdictional claim of the Plaintiff. Therefore the Court is enjoined of giving judgement in favor of the Plaintiff, because the Defendant does not have any"). Even with a liberal construction, these cannot be considered proper Objections for the Court to rule upon.[6] "[I]t is not enough simply to repeat arguments that, had they been accepted by the magistrate judge, would have resulted in a different R&R. The objection must be addressed specifically and directly to specific aspects of the R&R." *Reed v. Young Ho Kim*, No. 3:18-CV-00819, 2020 WL 1443739, at *3 (M.D. Tenn. Mar. 25, 2020). Lacking as they do the required specificity, these additional claims are not cognizable objections.

## CONCLUSION

For these reasons, Plaintiff's Objections are overruled, and the Report and Recommendation is adopted and approved. The Defendants' Motion to Dismiss for lack of subject matter jurisdiction will be **GRANTED**. Accordingly, the matter is **DISMISSED WITH PREJUDICE** and the clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[6] In fact, Plaintiff does not use the term "objection" anywhere outside of the first line of his Objections.